Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARGARET J. GISNER, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, GEORGE GISNER, v. HUGH DUNLOP, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 5, 1920.

**Workmen's Compensation Law — injury not received within employment — decedent killed while going on errand for himself with employer's permission.**

An employee was not acting in the line of his employment at the time of the accident causing his death, where the facts show that he was employed principally to drive a truck but sometimes worked on his employer's farm; that the work on the afternoon of the accident consisted of drawing a load of coal from the coal yard and a load of wood from the woods to the farm house; that at the decedent's request and for his own convenience he was given permission to go to the shoe shop to get a heavier pair of shoes; that instead of going directly to the shop he went to a saloon and while going from there to the post office received the injury causing his death.

APPEAL by the defendants, Hugh Dunlop and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 12th day of June, 1919.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The employer was carrying on a small farm and a small trucking business. He kept two teams. The farm was used principally in furnishing supplies for the farm and teams. The farm work, in great part, was done by the employer; the trucks were driven by the employee. Occasionally the employee helped on the farm and sometimes the employer drove a truck. On the day in question the employee said

in the morning he had some errands to do for himself and would not work in the forenoon; he said he would take some shoes over to the shoe shop and have them fixed. He returned about noon and began work in doing chores on the farm. It was then understood that they were to go to the coal yard and get a load of coal and then to the woods to get a load of wood for the farm house. As they were about ready to start for the coal, the employee said that he ought to have his heavy shoes which were at the shoemaker's and he was told he could get them and then meet the employer at the coal yard unless he overtook him on the way. Instead of going directly to the shoemaker's, the employee went to a saloon and from there started for the post office, when he collided with an automobile upon the street and sustained injuries from the result of which he died in a few days. Evidently he had not visited the shoe shop at all. The farm from which the employer and employee started was about ten minutes walk from the shoe shop. The employer drove to the coal yard and was loading the coal alone when he was informed of the accident. Undoubtedly the heavy shoes were more suitable for work in the woods than the lighter ones, but the employee was upon his own errand when he started for the shoe shop and intended to there change the lighter for the heavier shoes. It cannot be said that he was obeying instructions from his employer; the employer permitted him but did not direct him to do the errand. He could have performed his service in the woods for the employer just as well without the heavy shoes; it was to save the employee the inconvenience of getting his feet wet that he was permitted to exchange his shoes. When he went to the saloon, and was going from it to the post office, it was for his own purposes and he was not then acting within his employment. (*Culhane v. Economical Garage Co.*, 188 App. Div. 1.)

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.